(No. 5605—

CLAIR J. FERRY and GRAIN DEALERS MUTUAL INSURANCE COMPANY, A Corporation, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1971.*

HOLTAN and GARRITY, Attorney for Claimants.

WILLIAM J. SCOTT, Attorney General; BRUCE J. FINNE, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

This case originated with the filing of the Complaint by Clair J. Ferry and Grain Dealers Mutual Insurance Company, a Corporation, against the State of Illinois.

The contention is that the respondent was guilty of negligence in not having adequately warned the traveling public on Route 20, near Galena, Illinois, of repair work on said State highway.

In particular, the action was brought under Ch. 37, Sec. 439(8) of the Ill. Rev. Stat., 1969, to recover for damages occasioned by the alleged negligence of the State of Illinois in failing to warn adequately of a hazardous excavation on the highway.

Clarence Smith was a truck driver for claimant, Clair J. Ferry, at the time of the accident which occurred approximately two miles east of Galena, Illinois. He testified that the road in the area of the accident was quite curvy and that part of the road was excavated so that there was one-way traffic. He testified to the fact that upon coming around the curve, without seeing any warning signs, he saw a working crew some distance ahead of him, the excavated portion of the pavement, and another truck coming from the other direction, that he applied his brakes and the truck jackknifed and that he eventually came to a halt at the scene of the repair work, causing the damage. He further testified that he missed seeing one construction sign, which was approximately 150 yards from the place of the accident and that he had not seen any other signs.

His testimony was to the effect that it had started raining shortly before the accident in question. He had been issued a ticket for speeding and not having his vehicle under control and pled guilty to this charge and further testified that he did so simply as a matter of convenience rather than make the long trip back from Pennsylvania.

He further testified that when he got out of the truck,

one of the workmen asked him if he was hurt and he said "no" and the workman allegedly said, "I bet you we get a flagman out here, there's no flagman, I bet you we get one."

The testimony of the truck driver is in direct contradiction to one George H. Speith who, at the time of the accident, was the foreman on this particular repair job where the accident occurred but, at the time of the Hearing, was no longer employed by the State of Illinois and had not been for some time.

Hetestified to the effect that he had placed three warning signs in the area of the accident, the first one approximately 500 feet away from the accident, the second one about 1,0 feet from the accident and the third one about 1,500 feet from the accident. The first sign, which was a 48 inch square sign, stated "one lane road ahead," the second was a sign with a red flag on it and stated r"road construction ahead" and the third sign stated "rrht lane closed ahead." He also testified that there were two barricades in front of the patch and they had blinking lights on them. Pictures of all three signs are in the record as exhibits.

The record andranrri of evidence in thi cs are wanting inmanrespects in establihing a claim against respondent, especially whr rspondent had set up safeguards in warning the public who were going through the area in question at the time of the accident.

Respondent is not an insurer of all persons traveling upon its highways. Where repair work is taking place, all the respondent has to do is use reasonable safeguards in warning the traveling public of the locations where such work is in progress. We believe, from the record, that respondent had, by posting of the signs, given the public ample warning and notice of the dangerous condition in tte area in whic was driving when the accident occurred.

The law in the State of Illinois is clear, that in order for the plaintiff to recover against the State, he must prove that the State was negligent, that such negligence was the proximate cause of the injuries and that claimant was in the exercise of due care and caution for his own safety. (*McNary* vs. *State of Illinois*, 22 C.C.R. 328, 334; *Bloom* vs. *State of Illinois*, 22 C.C.R. 582, 585.)

It is a well known proposition of the law that the State is not an insurer of all persons using its highways. It is also a well established principle of the law in the state that the claimant is not entitled to recover where the facts show he was guilty of contributory negligence. The doctrine of contributory negligence has been applied in this Court in the case of *Doolittle* vs. *State of Illinois*, 21 C.C.R. 113 and *Mounce* vs. *State of Illinois*, 20 C.C.R. 268. In the cases cited, the Court held that when approaching a place of known danger without care commensurate to such danger it is contributory negligence.

It is the finding of this Court that the contributory negligence of the driver of the truck was the proximate cause of the accident in question. Claim is therefore denied.